I respectfully dissent from the majority's reversal of the sentence imposed by the trial court. I would adopt the reasoning set forth by the Fifth District Court in Kinder, supra, and affirm the sentence of the trial court.
Appellant pleaded guilty to a charge of aggravated vehicular assault, in violation of R.C. 2903.08, with the understanding that it was a fourth degree felony; however, prior to sentencing, the General Assembly modified R.C. 2903.08. Although it might have been more factually appropriate to sentence appellant under the aggravated vehicular assault section of amended R.C. 2903.08, i.e. section(A)(1), the penalty for violating R.C. 2903.08(A)(1), a felony of the third degree, is more stringent than the penalty set forth in the former version of R.C. 2903.08, a felony of the fourth degree. Thus, R.C. 2903.08(A)(1) is inapplicable. Accordingly, the court instead sentenced appellant under the vehicular assault section of amended R.C. 2903.08, i.e. section (A)(2), which is a felony of the fourth degree.
The majority's holding that the trial court erred in sentencing appellant under 2903.08(A)(2), the vehicular assault section of the amended statute, rather than the former version of R.C. 2903.08, is in direct conflict with the Fifth District Court of Appeal's decision inKinder.
Further, I note that the instant case is distinguishable from this court's holding in State v. Rhodes, 11th Dist. No. 2000-L-089, 2001-Ohio-8693, wherein this court held that former R.C. 2903.08, rather than the amended version of the statute applied.
In Rhodes, the appellant was charged with aggravated vehicular assault in violation of R.C. 2903.08, a fourth degree felony. As in the instant case, amended R.C. 2903.08(A)(1) was inapplicable since it carried a more stringent penalty than the former version of the aggravated vehicular assault statute. Rhodes is factually distinguishable from the instant case, however, because in that case the appellant had previously been convicted of driving under the influence of alcohol. Under the former version of R.C. 2903.08, if an offender had a previous conviction of driving under the influence of alcohol, he was subject to a mandatory prison term and was not eligible for a sentence of community control. R.C. 2903.08(C). However, the offense remained a fourth degree felony. In contrast, under the amended version of the statute, if an offender had previously been convicted of driving under the influence of alcohol, in violation of R.C. 4511.19, the offense of aggravated vehicular assault is elevated from a third degree felony to a second degree felony. R.C.2903.08(B)(1). Thus, if an offender has a prior conviction of driving under the influence of alcohol, the penalty under the amended version of the statute is more stringent than the former, and thus, inapplicable. Accordingly, under the circumstances set forth in Rhodes, the former R.C. 2903.08 is applicable.
Based on the foregoing, I would adopt the analysis set forth inKinder, supra, and affirm the sentence imposed by the trial court.